IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RAYMOND G. POWELL, III, | CIVIL ACTION NO. 16-5085 |
| Petitioner, | |
| v. | |
| CYNTHIA LINK, et al., | |
| Respondents. | |

## MEMORANDUM OPINION

**Jeffrey L. Schmehl, J.  /s/ JLS**                                                               **July   28, 2020**

      Powell filed a Petition for Writ of Habeas Corpus on September 22, 2016, and on February 27, 2018, this Court entered an order approving and adopting the Report and Recommendation of the Honorable Timothy R. Rice that denied Powell's petition. Powell appealed to the United States District Court for the Third Circuit, and on October 18, 2018, the Third Circuit denied Powell's application for a certificate of appealability, stating:

> The foregoing application for a certificate of appealability is denied because Appellant has not made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). After a careful review of the record, we conclude that reasonable jurists would not debate the District Court's determination that Appellant's claim based on *Alleyne v. United States*, 570 U.S. 99 (2013), was untimely and that he failed to demonstrate that he is entitled to equitable tolling of the limitations period. *See Miller v. N.J. Dep't of Corr.*, 145 F.3d 616, 618 (3d Cir. 1998). Reasonable jurists also would not debate the District Court's conclusion that *Stone v. Powell*, 428 U.S. 465, 482, 494 (1976), barred Appellant's Fourth Amendment challenges to a search warrant. In addition, jurists of reason would not disagree that there is no merit to Appellant's due process claim based on the fact that the judge who issued the search warrant presided over the subsequent criminal trial. *See Withrow v. Larkin*, 421 U.S. 35, 56 (1975). Furthermore, reasonable jurists could not debate the District Court's rejection of Appellant's ineffective assistance of counsel claims. *See*

> *Strickland v. Washington*, 466 U.S. 668, 687, 694 (1984); *United States v. Deandrade*, 600 F.3d 115, 118 (2d Cir. 2010). Finally, Appellant's false testimony claim is barred due to a procedural default, and he has not shown cause and prejudice or a fundamental miscarriage of justice sufficient to overcome the default. *See Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *Abdur'Rahman v. Carpenter*, 805 F.3d 710, 714 (6th Cir. 2015) (stating that the Supreme Court "limited [*Martinez v. Ryan*, 566 U.S. 1, 14 (2012)] to claims of ineffective assistance of trial counsel that were procedurally defaulted by lack of or ineffective assistance of post-conviction counsel."); <u>Werts v. Vaughn</u>, 228 F.3d 178, 193 (3d Cir. 2000); *Herrera v. Collins*, 506 U.S. 390, 417 (1993).

*Powell v. Superintendent Graterford SCI, et al*, C.A. No. 18-1617 (3d Cir. Oct. 18, 2018).

Meanwhile, Powell filed multiples documents that stated he was seeking "permission" to file a motion under F.R.C.P. 60(b), and on October 4, 2019, this Court entered an order permitting him to file a 60(b) motion within 45 days. On December 12, 2019, Powell filed a "Motion for Relief Under Federal Rule of Civil Procedure 60(b)(6) 'Any Other Reason That Justifies Relief' Catchall Category Provision for 'Extraordinary Circumstance'" in the instant habeas matter, challenging this Court's prior procedural determination that his *Alleyne* claim was untimely and not subject to equitable tolling.

"Rule 60(b) allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances including fraud, mistake, and newly discovered evidence." *Gonzalez v. Crosby*, 545 U.S. 524, 528, 125 S.Ct. 2641, 162 L.Ed.2d 480 (2005). "Rule 60(b)(6) ... permits reopening when the movant shows 'any ... reason justifying relief from the operation of the judgment' other than the more specific circumstances set out in Rules 60(b)(1)-(5)." *Gonzalez*, 545 U.S. at 528–29, *citing Liljeberg v. Health Services Acquisition Corp.*, 486 U.S. 847, 863, n. 11 (1988); *Klapprott*

2

*v. United States*, 335 U.S. 601, 613 (1949). A "movant seeking relief under Rule 60(b)(6) [must] show 'extraordinary circumstances' justifying the reopening of a final judgment." *Gonzalez*, 545 U.S. at 535. The movant bears a heavy burden of proof that extraordinary circumstances are present. *Bohus v. Beloff*, 950 F.2d 919, 930 (3d Cir.1991).

The grant or denial of a Rule 60(b)(6) motion is an equitable matter left to the discretion of the district court. Accordingly, a court must consider the all properly presented facts and circumstances accompanying the movant's request and employ a flexible, multifactor approach to Rule 60(b)(6) motions, including those built upon a post-judgment change in the law, that takes into account all the particulars of a movant's case. *See Coltec Indus., Inc. v. Hobgood,* 280 F.3d 262, 274 (3d Cir.2002) (noting, in the context of a 60(b)(6) analysis, the propriety of "explicit[ly]" considering "equitable factors" in addition to a change in law); *Lasky v. Cont'l Prods. Corp.,* 804 F.2d 250, 256 (3d Cir.1986). The fundamental point of Rule 60(b) is that it provides "a grand reservoir of equitable power to do justice in a particular case." *Hall v. Cmty. Mental Health Ctr.,* 772 F.2d 42, 46 (3d Cir.1985) (internal quotation marks omitted).

In exercising its discretion, the court is guided by a number of relevant factors, including: (1) the general desirability that a final judgment should not be lightly disturbed; (2) the procedure provided by Rule 60(b) is not a substitute for an appeal; (3) the Rule should be liberally construed for the purpose of doing substantial justice; (4) whether, although the motion is made within the maximum time, if any, provided by the Rule, the motion is made within a reasonable time; (5) whether there are any intervening equities which make it inequitable to grant relief; (6) any other factor that is relevant to the justice of the order under attack. *Lasky v. Cont'l Prod. Corp.*, 804 F.2d 250, 256 (3d Cir. 1986).

Accordingly, in deciding whether to grant the instant Rule 60(b)(6) motion, this Court must conduct an equitable evaluation. First, Powell was convicted on September 23, 2010, and the habeas corpus petition challenging Powell's 2010 state court conviction was denied in February of 2018, almost 2 ½ years ago. Principles of finality and comity weigh against disturbing those judgments. Also, the issue raised by Powell in his Rule 60(b) motion was raised on appeal from this Court's denial of his habeas petition. The Third Circuit specifically held that "reasonable jurists would not debate the District Court's determination that Appellant's claims based on *Alleyne v. United States*, 57 U.S. 99 (2013), was untimely and that he failed to demonstrate that he is entitled to equitable tolling of the limitations period."

A review of Powell's motion shows that he argues no new facts or claims that were not or could not have been addressed by the Third Circuit in deciding his application for a certificate of appealability in 2018. He cites to no new caselaw in support of his arguments regarding his *Alleyne* claim that did not exist when the Third Circuit denied his certificate of appealability. Further, he is arguing this Court committed legal error by finding that he was not entitled to equitable tolling of the limitations period. However, legal error does not by itself warrant the application of Rule 60(b). *Martinez-McBean v. Gov't of Virgin Islands*, 562 F.2d 908, 912 (3d Cir. 1977). The correction of legal errors committed by the district courts is the function of the Courts of Appeals. *Id.* Since legal error can usually be corrected on appeal, that factor without more does not justify the granting of relief under Rule 60(b)(6). *Id.*

Powell has listed no other factors that would warrant a grant of his 60(b) motion in this matter. After considering all of the equitable factors, I find Powell has failed to

4

satisfy his burden of proving extraordinary circumstances to justify granting relief. Accordingly, his motion for relief pursuant to Rule 60(b)(6) will be denied.